IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-40053-SMY |
| | ) |
| SHAYNE KENNETH MAYBERRY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Shayne Kenneth Mayberry was convicted of transfer of obscene matter to a minor (Count 1), sexual exploitation of a child – production of child pornography (Count 2), distribution of child pornography (Count 3), soliciting an obscene visual depiction of a minor (Count 4), and distribution of child pornography (Count 5) on July 15, 2021 (Doc. 44) and was sentenced on October 19, 2021. Mayberry's total offense level at sentencing was 37 and his criminal history category was V; the applicable Guidelines range was 324-360 months. He was sentenced below the Guidelines range to 240 months' imprisonment (Doc. 59).

Mayberry recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 62). Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim Freter entered her appearance on Mayberry's behalf in order to determine his eligibility for a sentence reduction (Doc. 64). FPD Freter moved to withdraw on December 12, 2023, asserting that Mayberry is ineligible for a sentence reduction under Amendment 821 (Doc. 65). Mayberry did not respond.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points,

decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Mayberry was not under a criminal justice sentence at the time of the offenses and no status points were applied at sentencing. As such his criminal history category and sentencing range remain unchanged, and he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 65) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 62) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 24, 2024**

**STACI M. YANDLE**
**United States District Judge**